UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
ROBERT BAUGHMAN, JR.,          )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Case No. 03-1039
                               )
McCLAIN E-Z PACK, INC,         )
WASTE MANAGEMENT, INC.,        )
                               )
    Defendants,                )
_____)
                               )
McCLAIN E-Z PACK, INC,         )
                               )
    Third-Party Plaintiff,     )
                               )
    v.                         )
                               )
WASTE MANAGEMENT,              )
CATERPILLAR, INC., and         )
JOHN DOE INSTALLER,            )
                               )
    Third-Party Defendants.    )
```

**O R D E R**

Before the Court is McClain E-Z Pack, Inc.'s ("McClain's") Motion to Bar Testimony of Plaintiff's Rebuttal Expert [Doc. # 127]. In this motion McClain seeks an order barring Plaintiff's expert Art Bleicher's testimony regarding "any and all safety reports and investigation that he conducted in the course of business as a safety director for Kid Glove Inc." McClain argues that Bleicher's testimony should be barred because it is not "rebuttal" testimony.[1] In particular, McClain argues that Bleicher

---

[1] The Court notes that McClain also argues that the disclosure of Bleicher was untimely. On August 2, 2005, Plaintiff was granted an extension of time to disclose its rebuttal expert which Magistrate Judge Cudmore granted; Plaintiff was given until September 1, 2005. McClain admits that Mr. Bleicher was disclosed

should not be allowed to testify regarding an accident that occurred over 2 years after Plaintiff's accident.[2] McClain argues that this testimony is not expert in nature and that it does not rebut any of McClain's expert testimony.

In response, Plaintiff points to the testimony of Defendant's expert, Roch Shipley, who testified during his deposition that one factor he considered in concluding that the bolts on the baler were not properly tightened was "[t]he fact that [he was] aware of no other instances where anybody has reported that this particular machine is subject to problems with nuts and bolts loosening." Thus, Plaintiff argues that Bleicher's testimony directly contradicts this statement.

The Court will deny McClain's motion at this time. It would be inherently unfair to allow McClain's expert to testify that no similar failures had occurred, and then deny Plaintiff the opportunity to show that they had. Further, although McClain argues the most recent failure occurred under substantially different circumstances than the failure in Plaintiff's case, Plaintiff has tendered an expert to testify that the most recent failure was relevant in the analysis as to why the failure in Plaintiff's case occurred. Because the Court cannot chose to

---

on September 1, 2005. Accordingly the Court finds this disclosure was timely.

[2]On March 30, 2005, Plaintiff filed a motion seeking additional discovery because of its recent discovery of this incident, arguing a discovery violation had occurred. Magistrate Judge Cudmore allowed the motion, extending fact discovery to May 2, 2005, and expert discovery to June 1, 2005 (this date was later extended again).

believe one parties' expert over the others, the fact finder will have to determine which expert theory to believe. This does not necessarily mean that Bleicher's testimony would be admissible at trial, as that would depend on whether there is sufficient foundation testimony so as to make the testimony relevant to this case.

    IT IS THEREFORE ORDERED that McClain's Motion to Bar Testimony of Plaintiff's Rebuttal Expert [Doc. # 127] is DENIED.

    Entered this ___26th___ day of April, 2006.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                         United States District Judge