UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
ROBERT BAUGHMAN, JR.,            )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )    Case No. 03-1039
                                 )
McCLAIN E-Z PACK, INC,           )
WASTE MANAGEMENT, INC.,          )
                                 )
     Defendants,                 )
_____)
                                 )
McCLAIN E-Z PACK, INC,           )
                                 )
     Third-Party Plaintiff,      )
                                 )
     v.                          )
                                 )
WASTE MANAGEMENT,                )
CATERPILLAR, INC., and           )
JOHN DOE INSTALLER,              )
                                 )
     Third-Party Defendants.     )
```

# O R D E R

Before the Court are McClain E-Z Pack, Inc.'s ("McClain's") Motion for Summary Judgment [Doc. # 130], and Waste Management Inc.'s Motion for Summary Judgment [Doc. # 133]. These summary judgment motions relate to spoliation of evidence claims brought by Plaintiff and McClain against Waste Management, Inc. For the reasons that follow, the motions will be denied.

**I.  Background**

The following facts are undisputed. On January 16, 2001, Plaintiff Robert Baughman, Jr. ("Baughman") was employed by Waste Management of Illinois, Inc., ("WM") and working at a facility owned by Caterpillar, Inc. ("Caterpillar"). On that date, Plaintiff was injured when part of a baler fell on his right arm;

the baler was manufactured by McClain and owned by WM. After the accident, representatives of McClain, WM, and Caterpillar met to discuss the accident and examine the baler. At some point, four suspect nuts and bolt were removed from the baler. The Parties dispute who took possession of these nuts and bolts at the January meeting, and apparently the parts are now lost.

## II. Legal Standard

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets it burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond

the pleadings and produce evidence of a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." <u>Holland v. Jefferson Nat. Life Ins. Co.</u>, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Hedberg v. Indiana Bell Tel. Co.</u>, 47 F.3d 928, 931 (7th Cir. 1995).

### III. Analysis

To state a cause of action for negligent spoliation under Illinois law, a plaintiff must plead (1) the existence of a duty to preserve evidence owed by the defendant to the plaintiff, (2) a breach of that duty, (3) an injury proximately caused by the breach, and (4) damages. See <u>Boyd v. Travelers Insurance Company</u>, 652 N.E.2d 267, 270 (Ill. 1995). "The general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may rise through an agreement, a contract, a statute or another special circumstance." <u>Id.</u> at 270-71 (citations omitted). A defendant may also voluntarily assume a duty by affirmative conduct. <u>Id.</u> at 271. "In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." <u>Id.</u>

In this case the Parties dispute several facts surrounding the custody and control of the nuts and bolts at issue. They dispute whether WM agreed to preserve the nuts and bolts and whether WM ever

3

possessed the nuts and bolts at all.  Considering these material issues of disputed fact, the Court cannot say that summary judgment in favor of any party as to the spoliation of evidence claims is appropriate.

## IV. Conclusion

IT IS THEREFORE ORDERED that McClain's Motion for Summary Judgment [Doc. # 130], and Waste Management Inc.'s Motion for Summary Judgment [Doc. # 133] are DENIED.

Entered this ___26th___ day of April, 2006.

                                                                                s/ Joe B. McDade
                                                       JOE BILLY McDADE
                              United States District Judge